## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CRAIG CUNNINGHAM**, | Case No. 3:20-cv-386-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **SHAUN CHIORZI aka SHAUN GHIORZI and John/Jane Does 1-5**, | |
| Defendants. | |

Craig Cunningham, *pro se*.

Timothy J. Heinson, HEINSON & DEDOBBELAERE, LLC, 19530 SE Sunnyside Road, Damascus, OR 97089. Of Attorneys for Defendant Shaun Ghiorzi.

**Michael H. Simon, District Judge.**

Plaintiff Craig Cunningham ("Cunningham") *pro se* brings this lawsuit against Defendant Shaun Ghiorzi ("Ghiorzi"). Cunningham alleges violations of the Telephone Consumer Protection Act ("TCPA"), arising out of a series of unwanted text messages that he received on his cell phone. Ghiorzi has moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Ghiorzi bases his motion to dismiss on three grounds: (1) that the Complaint fails to allege the dates (or even approximate dates) the texts were received by Cunningham; (2) that the allegations are speculative; and (3) that the

PAGE 1 – ORDER

Complaint fails to allege a claim against Ghiorzi based on vicarious liability. In addition,

Cunningham has filed a motion to compel initial disclosures. For the reasons explained below,

Ghiorzi's motion to dismiss (ECF 6) is GRANTED and Cunningham's motion to compel is

denied as MOOT and without prejudice. Cunningham may file an Amended Complaint not later

than July 13, 2020.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-*

*Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint

"may not simply recite the elements of a cause of action, but must contain sufficient allegations

of underlying facts to give fair notice and to enable the opposing party to defend itself

effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all

reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon*

*Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556

U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an

entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

PAGE 2 – ORDER

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff alleges that he received at least 22 sexually explicit text messages soliciting him to join adult dating websites that were sent using an automated telephone dialing system ("ATDS"). The text messages also allegedly encouraged Plaintiff to purchase a product called "Bio-Viraxegan." Plaintiff asserts that Defendant caused these texts to be sent to Plaintiff and

profits from them. The text messages, however, did not identify their sender, and the Complaint gives no indication of the factual basis on which Plaintiff believes Defendant is the person responsible for the texts. Plaintiff asserts that he did not consent to the receipt of these messages, which Plaintiff contends chip away at his limited monthly data plan.

## DISCUSSION

The Complaint fails to state a claim on which relief can be granted because its threadbare factual allegations amount to a mere recitation of the elements of a TCPA claim and are speculative. For example, the Complaint states in ¶ 30 only that "[e]ach call was sent by an ATDS." Plaintiff gives no additional facts elsewhere in the Complaint to support this assertion. More fundamentally, Plaintiff provides no factual allegations to support a claim against this Defendant, merely stating that "Plaintiff identified the Defendant Shaun Chiorzi aka Shaun Ghiorzi[] is the person profiting and directing these text messages to be sent to the Plaintiff." Complaint, ¶ 23. Because Plaintiff does not explain how he "identified" Ghiorzi as the sender of the messages, the Court is unable to evaluate the plausibility of this allegation.

Further, the failure to provide the dates on which the alleged text messages were sent prevents the Court from knowing whether Plaintiff has brought his claim within the TCPA's statute of limitations, which is essential to determining if the facts alleged in the Complaint "plausibly suggest an entitlement to relief." The Complaint's deficiencies fail to provide adequate notice to Defendant of the claims against him and the basis for those claims. Even liberally construing the Complaint in Plaintiff's favor, as the Court must when a party is self-represented, the Complaint fails to conform to the pleading requirements of the Federal Rules of Civil Procedure.

**CONCLUSION**

Defendant's motion to dismiss for failure to state a claim (ECF 6) is GRANTED. If

Plaintiff believes that he can cure the deficiencies identified in this Order, Plaintiff has leave to

file an Amended Complaint not later than July 13, 2020. If Plaintiff fails to file an Amended

Complaint by that date, the Court will dismiss this action without prejudice. The Court also

DENIES AS MOOT Plaintiff's Motion to Compel (ECF 10) without prejudice and with leave to

renew if Plaintiff files an adequate Amended Complaint.

**IT IS SO ORDERED**.

DATED this 11th day of June, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 5 – ORDER